UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-60696-CIV-ALTONAGA/Brown

**UNITED STATES OF AMERICA**
*ex rel.* **CAROL A. CULLINS**,

    Plaintiff,

vs.

**ASTRA, INC.**,

    Defendant.
_____/

**ORDER**

    **THIS CAUSE** came before the Court on the Defendant, Astra, Inc.'s ("Astra['s]") Motion for Costs and Attorney's Fees (the "Motion") [ECF No. 55], filed May 10, 2010. The Court has carefully considered the parties' submissions and the applicable law.

**I. BACKGROUND**

    Astra is a South Florida corporation that contracts with the U.S. Postal Service (the "USPS") to provide mail-transporting services during the holiday season. (*See* Second Am. Compl. [ECF No. 35] ¶ 3). To pay contractors like Astra, the USPS submits a certification to its accounting center that identifies the contract the USPS entered into and how much the contractor will be paid. (*See id.* ¶ 9). The USPS also sends a copy of the certification to the contractor. (*See id.* ¶ 11). The contractor usually receives the certifications one to two weeks before the USPS approves and pays the contractor for its services. (*See id.* ¶ 9).

    Carol A. Cullins ("Cullins"), a former Astra employee, brought a *qui tam* lawsuit under seal individually and on behalf of the United States alleging Astra violated the False Claims Act, 31

Case No. 09-60696-CIV-ALTONAGA/Brown

Case No. 09-60696-CIV-ALTONAGA/Brown

U.S.C. §§ 3729–3733. (*See* Compl. [ECF No. 1]).[1] The Complaint alleged a general violation of the False Claims Act without identifying a specific provision of the Act that Astra allegedly violated. As a result, Astra filed a motion to dismiss maintaining Cullins failed to state a claim under the False Claims Act and failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. (*See* Mot. to Dismiss [ECF No. 29]).

In response, Cullins filed an Amended Complaint that specifically asserted three claims under sections 3729(a)(1), (2), and (7) of the False Claims Act. (Am. Compl. [ECF No. 35]). Consequently, Astra's motion to dismiss the original Complaint was denied as moot. Later, Astra filed a motion to dismiss the Amended Complaint asserting Cullins failed to state a claim under the newly specified sections of the False Claims Act and again failed to plead fraud with particularity. (*See* Mot. to Dismiss [ECF No. 38]). After the Amended Complaint was filed, the U.S. Government informed the Court it was declining to intervene in the suit. (*See* Notice [ECF No. 40]). On February 17, 2010, Astra's motion to dismiss was granted, and the Court provided Cullins ten days to file a Second Amended Complaint. (*See* Order [ECF No. 48] 12). The Court noted that "Cullins's allegations are unfavorable to Astra. But . . . they do not establish that Astra violated the False Claims Act." (*Id.* at 11).

Cullins filed the Second Amended Complaint on February 26, 2010 alleging only a violation of section 3729(a)(7), commonly known as the reverse-false-claim provision. In the Second

---

[1] The Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, 123 Stat. 1617 (codified as amended in scattered sections of 18 and 31 U.S.C.), amended parts of the False Claims Act relevant to this case. Because the amendments do not apply retroactively, *see Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1327 n.3 (11th Cir. 2009), all citations refer to the pre-amendment version of the Act.

Case No. 09-60696-CIV-ALTONAGA/Brown

Amended Complaint, Cullins alleged that when Astra received the certifications from the USPS Astra would check to see if it was underpaid or overpaid. (*See* Second Am. Compl. ¶¶ 10–13). If it was underpaid Astra, through Cullins, would immediately investigate the reason for the underpayment and contact the USPS. (*See id.* ¶ 12). However, if Astra was overpaid, Cullins alleged that "Astra used and caused the USPS to use the certifications as a means to keep and conceal its obligation to repay the overpayments made." (*Id.* ¶ 13). Astra again filed a motion to dismiss the Second Amended Complaint for failure to state a claim and failure to plead fraud with particularity. (*See* Mot. to Dismiss [ECF No. 50]). The Court granted Astra's third motion to dismiss with prejudice concluding Cullins failed to make sufficient factual allegations showing how Astra violated the False Claims Act. (*See* Final Order [ECF No. 54]). Subsequently, Astra filed this Motion for attorney's fees pursuant to 31 U.S.C. § 3730(d)(4); and costs pursuant to 28 U.S.C. § 1920, Rule 54 of the Federal Rules of Civil Procedure, and Local Rule 7.3.

## II.   ANALYSIS

**A.    Attorney's Fees**

The False Claims Act allows an award of attorney's fees to a prevailing party under certain circumstances:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4). To award attorney's fees and expenses, a court must find a plaintiff's suit falls within one of the three enumerated categories found in the above provision. *See United States*

3

Case No. 09-60696-CIV-ALTONAGA/Brown

*ex rel. J. Cooper & Assoc., Inc. v. Bernard Hodes Grp., Inc.*, 422 F. Supp. 2d 225, 237 (D.D.C. 2006). Even if a plaintiff's suit does fall within one of the enumerated categories, a court still maintains discretion over whether to award attorney's fees. *See* § 3730(d)(4) (stating "the court *may* award . . . attorneys' fees") (emphasis added); *United States ex rel. Dodge v. ACS State & Local Solutions, Inc.*, No. 8:03-cv-65-T-30TGW, 2009 WL 1748540, at *1 (M.D. Fla. June 18, 2009). Astra, as the prevailing party in this matter, maintains it is entitled to reasonable attorney's fees because Cullins' suit falls within each of the enumerated categories.[2]

  1.  **Clearly Frivolous**

An action is frivolous when the case is "'so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)).[3] Cullins' claims were not ultimately successful, however, the Court finds they were not so lacking in arguable merit to be clearly frivolous.

Apparently in support of its argument that Cullins' claims were frivolous,[4] Astra maintains Cullins' allegations were based "solely on speculation and supposition." (Mot. 6). Specifically,

---

[2] Astra has not submitted evidence regarding the amount of its attorney's fees. Instead, Astra has requested the right to do so if it receives a favorable ruling on the instant Motion.

[3] *Sullivan* involved attorney's fees under 42 U.S.C. § 1988, however, the legislative history of the False Claims Act suggests the standard of § 3730(d)(4) is analogous to the standard found in section 1988. *See United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1055 (10th Cir. 2004); *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005–06 (9th Cir. 2002); *United States ex rel. Mikes v. Straus*, 274 F.3d 687, 705 (2d Cir. 2001).

[4] Astra's arguments are general averments that do not individually address the enumerated categories found in section 3730.

4

Case No. 09-60696-CIV-ALTONAGA/Brown

Astra points to paragraph 17 of the Second Amended Complaint which states,

> Because the Plaintiff was terminated before records became available, she does not know how much in excess payments were fraudulently retained after 2007. Based on Astra's business practices, upon information and belief, the same pattern of fraud has continued, and the additional overpayments will be quantified through discovery in this action.

(Second Am. Compl. ¶ 17). In support of its argument, Astra cites an unpublished district court opinion — *United States ex rel. Minna Ree Winer Children's Class Trust v. Regions Bank of La.*, No. 94-4085, 1996 WL 264981 (E.D. La. May 17, 2006). That case is inapposite, however, because there the court found the plaintiff had no first hand or personal knowledge regarding *any* of the allegations alleged in the complaint. *Id.* at *8. Here, Cullins alleged violations for the years 2006–2008. Cullins has personal knowledge regarding the claims alleged for 2006 and 2007, but admits she does not have personal knowledge of the 2008 claims, instead relying on an inference that Astra's business practices did not vary in 2008 from its earlier practices. Defendant's argument fails to persuade. *See United States ex rel. Mikes v. Straus*, 98 F. Supp. 2d 517, 526–28 (S.D.N.Y. 2000) (noting a claim is not frivolous if the plaintiff produces "some evidence" to support it).

Next, Astra maintains that at a minimum it is entitled to attorney's fees from the date of the February 17, 2010 Order because Cullins' Second Amended Complaint alleged "exactly what this Court instructed her not to assert." (Mot. 7). In support of its argument, Astra cites *United States ex rel. Bain v. Georgia Gulf Corp.*, 208 F. App'x 280 (5th Cir. 2006). The district court in *Bain* found the plaintiff's amended complaint "frivolous or vexatious" and awarded defendant attorney's fees. *Id.* at 283. This finding, however, resulted (1) from the amended complaint being partly based

5

Case No. 09-60696-CIV-ALTONAGA/Brown

on publicly disclosed information and information from previous litigation rather than personal knowledge, and (2) because the amended complaint contained an entirely new claim not alleged in the original complaint. *Id.* at 283–84. In contrast, Cullins had personal knowledge of her claims, and Astra does not assert these claims were previously litigated. Additionally, Cullins' Second Amended Complaint did not raise any new claims as the plaintiff's amended complaint did in *Bain*.

Moreover, the Court does not agree with Astra's statement that Cullins' Second Amended Complaint alleged exactly what the Court's February 17, 2010 Order instructed her not to do. The Court instructed that Cullins "should [re-file her complaint] only if she can adequately plead facts that establish each element of a False Claims Act violation." (Order 11). In response, Cullins reduced her claim down to a single count brought under 31 U.S.C. § 3729(a)(7), and alleged additional facts in support of her claim. Although Cullins' Second Amended Complaint was dismissed with prejudice, Cullins was not unreasonable in believing her arguments could extend or modify the False Claims Act to the instant case because: (1) case law does not define the operative language of section 3729(a)(7); and (2) the United States Supreme Court has interpreted the False Claims Act broadly, stating it should "'reach all types of fraud, without qualification, that might result in financial loss to the Government.'" *Cook Cnty. v. United States ex. rel Chandler*, 538 U.S. 119, 129 (2003) (quoting *United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968)).[5]

The case Cullins cites — *United States ex rel. Gross v. AIDS Research Alliance-Chicago*,

---

[5] Amendments to the False Claims Act were enacted in 2009 that arguably cover the instant case, however, the Eleventh Circuit has held the amendments will apply prospectively. *See Hopper*, 588 F.3d at 1327 n.3. Astra maintains this, "should have alerted Cullins to the fact that it would not be reasonable to suggest extending the law retroactively." (Reply [ECF No. 56] 3). As explained, Cullins' position did not assume the 2009 Amendments to the False Claims Act would apply retroactively.

Case No. 09-60696-CIV-ALTONAGA/Brown

No. 01-C-8182, 2004 WL 905952 (N.D. Ill. Apr. 27, 2004) — is factually similar to the one at hand. The court in *Gross* granted defendants' motion to dismiss the plaintiff's second amended complaint with prejudice for failing to state a claim upon which relief could be granted. *See id.* at *9. However, the court did not grant attorney's fees under section 3730 because it did not find the plaintiff's suit to be vexatious or frivolous. *See id*. Specifically, the court reasoned that granting the plaintiff leave to file the second amended complaint was evidence that the plaintiff's claims were not frivolous. Here, the Court granted Cullins leave to file her Second Amended Complaint after her Amended Complaint was dismissed without prejudice. The Court does not find that Cullins' claims were clearly frivolous.

## 2. Clearly Vexatious or Primarily for Purposes of Harassment

An action is vexatious or primarily for the purposes of harassment "when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." *Pfingston*, 284 F.3d at 1006.[6] Vexatious and harassing claims are those instituted maliciously or without good cause. *See* BLACK'S LAW DICTIONARY 1596 (8th ed. 2004) (defining "vexatious suit"). Examples of vexatious or harassing litigation include, but are not limited to: (1) actions that deliberately delay the proceedings; (2) efforts to re-litigate a previously decided claim against the same defendant; (3) asserting new allegations in order to circumvent the defendant's arguments in

---

[6] "The distinction between vexatious conduct and harassment stems from the intentions of the plaintiff. Although the word "harassment" suggests bad faith on the part of the plaintiff, 'the term "vexatious" in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him.'" *See J. Cooper & Associates, Inc.*, 422 F. Supp. 2d at 238 n.19 (quoting *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978) (interpreting 42 U.S.C. § 1988)).

Case No. 09-60696-CIV-ALTONAGA/Brown

a motion to dismiss, *see J. Cooper & Assoc., Inc.*, 422 F. Supp. 2d at 238; and (4) where any inference of a false claim is defeated by the government's undisputed prior knowledge of information alleged to constitute fraud, *see Mikes*, 89 F. Supp. 2d at 527.

Astra has not asserted Cullins took part in any of the described behavior. However, in its Reply, Astra does assert Cullins' simultaneous claims against Astra in state court and with the Florida Commission on Human Rights demonstrates Cullins' grudge and animosity toward Astra. (*See* Reply 4). In support of its position, Astra cites an unpublished district court opinion — *United States ex rel. Minna Ree Winer Children's Trust v. Regions Bank*, No. 94-4085, 1996 WL 264981 (E.D. La. May 17, 1996). The case, however, is inapposite. In *Regions Bank* the court found the plaintiff's lawsuit had "the ultimate goal – to vex and harass defendants" because plaintiff lacked personal knowledge of its claims and had filed the same lawsuit three times against one defendant and twice against the other defendant. *Id.* at *8. Again, Cullins had personal knowledge of her claims. Also, Cullins' current lawsuit represents her first and only attempt to sue Astra under the False Claims Act. That Cullins has multiple actions pending simultaneously against Astra does not demonstrate the current litigation was vexatious or brought primarily to harass Astra. Instead, it simply shows Cullins is proactively litigating all the claims she might have against Astra, presumably stemming from the parties' former employment relationship.

Next, Astra contends Cullins was "clearly [on] a 'fishing expedition' expecting to survive a motion to dismiss in order to obtain discovery and heap further cost and expense upon Astra." (Mot. 6). The Court disagrees. By retaining an attorney and litigating this matter for more than eight months, Cullins' pursuit of her claim amounted to a "considerable out-of-pocket expenditure."

Case No. 09-60696-CIV-ALTONAGA/Brown

(Resp. 9); *see also United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 528 F. Supp. 2d 533, 546 (E.D. Pa. 2007) (noting the plaintiff's willingness to outlay considerable wealth "evidences [the claim's] meritorious underpinnings"). It does not follow that Cullins would spend a considerable amount of her own money just to "heap further cost and expense upon Astra." In fact, Cullins' expenditures demonstrate her good faith belief in the merits of her case and refute Astra's contention this litigation was primary for harassment. *See J. Cooper & Assoc., Inc.*, 422 F. Supp. 2d at 238 (noting harassment requires the plaintiff to have subjective bad faith). Cullins' claims were not clearly vexatious or for the primary purpose of harassment; therefore, Astra is not entitled to attorney's fees.[7]

**B.     Costs**

Astra also moves for taxable costs as the prevailing party pursuant to 28 U.S.C. § 1920, Rule 54 of the Federal Rules of Civil Procedure, and Local Rule 7.3. Astra's Motion attached billing information indicating Astra spent $288.87 for exemplification and copying costs. Astra maintains these costs "were necessary for successfully defending against Cullins' claims." (Resp. 9).

Rule 54 of the Federal Rules of Civil Procedure provides "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Additionally, 28 U.S.C. § 1920 provides six categories of costs that are normally awarded under Rule 54. *See* 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL

---

[7] As mentioned, the U.S. Government declined to intervene in this action. The Government's decision came after three requests for extension of time to make a decision. Both parties attempt to extrapolate the meaning behind the Government's actions. However, neither party has cited any case law to show that their speculative conclusions have any impact on the instant Motion.

Case No. 09-60696-CIV-ALTONAGA/Brown

PRACTICE & PROCEDURE § 2670, at 259 (2d ed. 1995). The fourth category of section 1920 states the costs of photocopies are recoverable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Eleventh Circuit has interpreted Rule 54 to include a presumption that costs are to be awarded to the prevailing party. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). As the prevailing party alone knows the purpose of the copies, however, it cannot simply make unsubstantiated claims that copies of the documents were necessary. *See Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992); *Cullens v. Ga. Dep't of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (noting the moving party must present evidence "regarding the documents copied including their use or intended use").

Astra has provided sufficient information regarding the purpose of the copies, stating they were "necessary" and relate to the "initial disclosure requirements." (Reply 6). Under Rule 26 initial disclosures are mandatory. *See* FED. R. CIV. P. 26 (a party *must* . . . provide to the other parties) (emphasis added). Accordingly, Astra's request for exemplification and copying costs is granted.

### III. CONCLUSION

It is therefore **ORDERED AND ADJUDGED** as follows:

The Motion **[ECF No. 55]** is **GRANTED in part**. The Motion, as it relates to Astra's request for attorney's fees, is **DENIED**. The Motion, as it relates to Astra's request for costs, is **GRANTED**. Cullins shall pay Astra costs in the amount of $288. 87.

Case No. 09-60696-CIV-ALTONAGA/Brown

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of July, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record